GREGORY, PLAINTIFF AND APPELLANT, v. TREASURER OF PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for the Refund of Taxes Paid Under Protest.

No. 1484.—Decided June 9, 1916.

PARTNERSHIP — GENERAL PARTNERSHIP — LIMITED PARTNERSHIP — LIABILITY OF PARTNERS.—The liability of silent partners for the debts and losses of the partnership is limited to · their contributions thereto or the amount they bound themselves to contribute; and the liability of the active partners, both in a general and in a limited partnership, is personal and solidary to the extent of all their property.

ID.—LIMITED PARTNERSHIP—LIABILITY OF PARTNERS—TAXES.—In a limited partnership a general partner risks not only his contribution to the partnership but, all the property he possesses; a silent partner risks only his contribution to the partnership. That is the distinctive feature of a limited partnership and it has not been changed or modified as to the payment of taxes by section 292 of the Political Code.

ID.—TAXES—INTENT OF LEGISLATOR—CODE OF COMMERCE—SILENT PARTNER— GENERAL PARTNER.—The object of section 292 of the Political Code is to determine what persons shall pay the taxes levied upon a partnership, individualizing the partnership, so to speak; and as the names of the silent ·partners of a commercial partnership cannot be included in the firm name, it was not the purpose of the Legislature in referring to partners in general to make the silent partners equally liable with the general partners for the payment of taxes, thus eliminating the distinction which the Code of Commerce establishes between them.

ID.—TAXATION.—It is an old and familiar rule of the English courts applicable to all kinds of taxes and particularly to special taxes, that the State must express its intention of levying a tax in clear and unmistakable language.

ID.—REPEAL.—Article 148 of the Code of Commerce was not repealed by section 292 of the Political Code, for the provisions of both may be harmonized. Repeals by implication do not ordinarily merit the sanction of the courts.

The facts are stated in the opinion.
· *Mr. Angel A. Vázquez* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Mayagüez .of February 10, 1916, dismissing an action

brought on August 9, 1915, in the said court for the refund of taxes paid under protest to the Treasurer of Porto Rico.

The allegations of the complaint and of the answer thereto, taken in connection with the evidence introduced at the trial, show:

*First.* That by a public instrument executed in San Germán on February 11, 1911, Andrés Irizarry Quiñones, Enrique Gregory, José R. Gregory Morfí and Ulises Gregory Llorens formed a limited mercantile partnership under the name of Irizarry, Gregory & Company, Limited, with its domicil in said city, the first two being managing or general partners, and the last two silent partners.

*Second.* By a later instrument dated July 18, 1911, the said partnership was reorganized and extended for a further period of two years.

*Third.* That by a third instrument dated August 30, 1912, the partnership was dissolved and the rights and interests of the other partners were transferred to Enrique Gregory, who assumed charge of the assets and liabilities of the extinguished firm.

*Fourth.* That demand having been made upon Ulises Gregory for the payment of the taxes assessed against the said partnership for the second half of the fiscal year 1912–13, amounting with surcharges to $31.80, he paid the same under protest.

The court held that, although the plaintiff appellant was a silent partner of the firm of Irizarry, Gregory & Company, he was liable under section 292 of the Political Code, which repealed article 148 of the Code of Commerce, for the taxes imposed upon the said partnership, and that the fact that it had been dissolved on August 30, 1912, did not release Ulises Gregory from his obligation to pay the taxes for the second half of the fiscal year 1912–13, and on that ground the court dismissed the action for the refund of the $31.80, prayed for by plaintiff Gregory.

As grounds for his appeal the appellant alleges:

(*a*) That the court erred in its conclusions that under the provisions of section 292 of the Political Code silent partners are liable for the payment of taxes due from the partnership, and that article 148 of the Code of Commerce was repealed by said section 292 of the Political Code.

(*b*) That the court also erred in holding that the collection of taxes for the second half of the fiscal year 1912–13 from the partnership of Irizarry, Gregory & Company was lawful, inasmuch as this partnership did not exist on January 1, 1913, when the said second semester began.

Under article 148 of the Code of Commerce, all the members of a copartnership, be they or be they not managing partners of the limited copartnership, are jointly and severally liable for the results of the transactions of the latter in the same manner and to the same extent as in general copartnerships, as set forth in article 127; while the liability of special partners for the obligations and losses of the copartnership shall be limited to the funds which they contribute, or bound themselves to contribute, to the limited copartnership, with the exception of the case mentioned in article 147.

The said provisions of article 148 are in harmony with article 122, which provides that in a regular general copartnership all the partners, under a collective and commercial name, bind themselves to participate, in the proportion which may be established, in the same rights and obligations; and that in a limited partnership one or more persons contribute a specific amount of capital to a common fund and become liable for the partnership transactions executed exclusively by others under a collective name.

As to articles 127 and 147 mentioned in article 148, the first provides that all the members of the general copartnership, be they or be they not managing partners, are personally and jointly liable with all their property; and the second, that, if any special partner include his name, or permit its inclusion, in the firm name, he shall be subject, with regard to persons not members of the copartnership, to the same

liabilities as the managing partners, without acquiring any more rights than those corresponding to him in his character of special partner.

It will be seen that the liability of silent partners for the obligations and losses of the copartnership is limited to the funds which they contribute, or bound themselves to contribute, to the limited copartnership, and that of the general partners, both in a general as well as in a limited partnership, is personal and solidary with all their property.

Under the foregoing provisions of law, it is evident that, according to the Code of Commerce, general partners, whether managing partners or not, in both general and limited copartnerships, are liable to the extent of all their property for the performance of the obligations of the concern of which they are members, and that silent partners are not liable for such obligations beyond the amount contributed to the limited copartnership.

In a limited partnership a general partner not only risks his contribution to the partnership but all his other property. A silent partner risks only the loss of his contribution.

This is a distinctive characteristic of a limited partnership which, in so far as concerns the payment of taxes, has not been changed or amended by section 292 of the Political Code, which reads as follows:

"Partners in mercantile or other business, whether residing in the same or in different places, shall be jointly taxed under their partnership name in the place where their business is carried on for all the personal property employed in such business, including ships, vessels, boats, and lighters. If partners have places of business in two or more assessment districts, they shall be taxed in each of such places for the proportion of property employed therein. When so jointly taxed each partner shall be liable for the whole tax."

The object of the above section is to determine what persons must pay the taxes levied on a partnership, individualizing the firm, so to speak; and as the names of the silent

partners of a mercantile partnership cannot be included in the firm name, it does not appear clearly to have been the intention of the Legislature, in referring to partners in general, to impose upon silent partners the same obligations to pay taxes that general partners are under and thus remove the distinctions created by the Code of Commerce between them. Section 292 of the Political Code makes no express mention of silent partners, and, therefore, we are unable to hold that, as to them, its provisions are incompatible with those of the Code of Commerce. The provisions of each code may be harmonized in the manner stated. If it had been the intention of the Legislature to impose upon silent partners the obligation to pay taxes to which they were not subject under the provisions of the Code of Commerce, it would have said so in an express manner; for, as was said in the case of the *Fajardo Sugar Co.* v. *The Treasurer of Porto Rico,* 22 P. R. R. 290, it is an old familiar rule of the English courts, applicable to all forms of taxation, and particularly special taxes, that the Sovereign is bound to express its intention to tax in clear and unambiguous language.

Article 148 of the Code of Commerce was not repealed by section 292 of the Political Code, for the provisions of both can be harmonized. We have said previously that implied repeals do not, as a rule, merit the sanction of the courts. *The American Trading Co.* v. *Monserrat,* 18 P. R. R. 268; *Pérez* v. *Succession of Collado,* 19 P. R. R. 1006; *The People* v. *Concepción,* 21 P. R. R. 296.

It cannot be held that the appellant comes under the exception of article 147 of the Code of Commerce because his name was included in the firm name of Irizarry, Gregory & Company, Limited; for it does not appear that the Gregory whose name appears in the firm name is plaintiff Ulises Gregory, and it is to be presumed that it is Enrique Gregory, who, together with Irizarry, was the managing or general partner of the said copartnership, the silent partners being José R. and Ulises Gregory.

As the judgment cannot stand for the reasons stated in the first ground of appeal, it becomes unnecessary to consider the second ground; namely, that the taxes were wrongfully collected because the firm of Irizarry, Gregory & Company was not in existence during the second semester alluded to in the judgment.

For the foregoing reasons the judgment appealed from should be reversed and, conformably to Act No. 35 of March 9, 1911, a certificate should issue to the effect that the taxes in question were wrongfully collected and should be refunded to the plaintiff.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.